988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tim E. CONLEY, Plaintiff-Appellant,
v.
Bruce A. CLARK, and Harold B. Hanna, District Court of
Washington, Defendants-Appellees.
 No. 91-35986.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CV-91-122-JLQ, Justin L. Quackenbush, District Judge, Presiding.
 E.D.Wash.
 DISMISSED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tim E. Conley appeals pro se the district court's denial of his motion to set aside the district court's order staying his 42 U.S.C. § 1983 action. We dismiss the appeal as moot.
 
 
 3
 On March 21, 1991, Conley filed a 42 U.S.C. § 1983 action. Because the district court construed the action as seeking habeas relief, the court stayed Conley's section 1983 action and dismissed the habeas portion for failure to exhaust state remedies. Conley filed a motion in the district court to set aside the original order. The district court dismissed the motion, and Conley now appeals that dismissal.
 
 
 4
 On June 19, 1992, the district court decided Conley's section 1983 action on the merits. Because the district court's judgment renders Conley's motion and appeal moot, we dismiss the appeal. See Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986) (federal courts lack the jurisdiction to decide moot cases).
 
 DISMISSED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Conley failed to file a timely notice of appeal following the district court's judgments on his 42 U.S.C. § 1983 action and 28 U.S.C. § 2254 habeas petition. Accordingly, we lack jurisdiction to review the merits of the judgments. See Fed.R.App.P. 4(a)